FILED
2012 Jul-23 PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WANDA WOMACK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs | ) | LEAD CASE NUMBER: |
| | ) | 2:06-cv-0465-VEH-RRA |
| | ) | JURY DEMAND |
| | ) | |
| DOLGENCORP, INC., d/b/a | ) | |
| DOLLAR GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TINA M. WOOD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | MEMBER CASE NUMBER: |
| | ) | 2:08-cv-1602-VEH-RRA |
| | ) | JURY DEMAND |
| | ) | |
| DOLGENCORP, INC., d/b/a | ) | |
| DOLLAR GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL CLASS CERTIFICATION AND SETTLEMENT APPROVAL ORDER

Upon consideration of the Joint Motion for Final Approval of Class Action Settlement, the Plaintiff's Unopposed Motion for Settlement Class Certification and Memorandum of Law in support, and after review of Settlement Agreement (with exhibits) filed in this action, it is hereby ordered that the Motions be, and are, **GRANTED**.

The Court further makes the following findings and rulings:

1. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class as defined below.

2. **No Determination.**  This Court hereby decrees that neither the Settlement Agreement, nor this final approval order, nor the fact of a settlement, are an admission or concession by the Defendants or a determination by the Court of any liability or wrongdoing whatsoever.

3. **Settlement.**  The Court finds that the parties' proposed Settlement Agreement is fair, adequate and reasonable, and, therefore, will be approved, noting that no persons spoke against the Settlement and no objections were submitted after the Court approved Notice of Class settlement was mailed. Specifically, this Court finds:

   a. That the probable outcome of the case on the merits was in doubt despite the extensive discovery and expert testimony developed through years of litigation at the time the Class Action Motion for certification was pending;

   b. That the Class Settlement is presented to the Court with the Joint Recommendation of counsel for both parties and who I find have extensive experience with Class Actions;

   c. Extensive discovery was done by both sides and expert testimony was

developed such that the Parties were able to independently assess the merits of the cases and potential damages should liability have been found;

d. That the future cost of litigation would have been expensive and time consuming to develop the case for trial. Continued litigation would have also occurred based on appeals of any Order from this Court denying or granting class certification.

e. That notice was fair and approved by this Court and was sent by neutral claims administrator approved by this Court. Based on the Claims administrator's declaration, Notice was sent to over Twenty-one Thousand (21,000) class members. A total of only 29 persons opted out of the Class Action pursuant to the Notice. No objections to the Class or the Settlement have been received.

4. **Settlement Class Certification.** The Court finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied for this settlement class, and that the class-wide claims may be certified pursuant to Fed. R. Civ. P. 23(b)(3). Specifically, the Court finds that the proposed class in excess of 20,000 members meets the requirement of numerosity. The Court finds that whether Dollar General engaged in a pattern or practice of gender based pay discrimination, or disparate impact in pay, or pay in violation of the EPA is a question of law and fact common to the class and that the claims of the Named Plaintiffs are typical of

those of the class. The Court finds that there are no conflicts between the interest of the Class Representatives and the remaining class members. The Court further finds that Class Counsel is qualified and experienced in this type of litigation and has diligently pursued this matter on behalf of the class members. The Settlement Class shall consist of:

    (a)    All women employed between February 8, 2006 and April 1, 2012 by Dollar General for at least one day as a salaried Store Manager at a location other than a Market Store and who have not otherwise released their Released Claims against one or more of the Released Parties; and/or

    (b)    All Opt-In Plaintiffs whose names are listed on Attachment A by Agreement of the Parties and who have not otherwise released their Released Claims against one or more of the Released Parties.

This Court's certification of the Settlement Class is final based on this Court's approval of the Settlement.

    5.    **Appointment of Class Representatives and Class Counsel.** The Court finds that certain of the Named Plaintiffs and their counsel are adequate representatives of the Settlement Class. Accordingly, the Court appoints Renita Bishop, Connie Butler, Valerie Hallstrom-Miller, Vicki Joy, Shirley Ledford, Ruby E. Sims, and Linda Stokes as Class Representatives, and pursuant to Rule 23(g), the Court appoint Robert L. Wiggins, Jr., Rocco Calamusa, Jr., Kevin W. Jent,

along with other members of Wiggins, Childs, Quinn, and Pantazis, LLC, as Class Counsel.

6. **Claims Administrator.** The Court has appointed Settlement Services, Inc. to serve as the Claims Administrator, whose duties are set forth in the Settlement Agreement.

7. **Notice and Claim Form.** The attached Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") and Claim Form were previously approved as reasonable and are adopted and incorporated herein. The Notice and Claim Form were served on Settlement Class Members as set forth in the Settlement Agreement as attested to in the Claims Administrator's declaration.

8. **Requests for Exclusion.** The Notice set forth the procedures pursuant to which members of the Settlement Class may exclude themselves ("opt-out") from the monetary benefits of the Settlement Agreement. The deadline for Settlement Class Members to serve any request for exclusion per the terms of the Notice and Settlement Agreement has expired per the terms of the Settlement Agreement and only 29 persons opted out of the proposed class.

9. **Objections to the Proposed Settlement.** The Notice set forth the procedures pursuant to which members of the Settlement Class may object to the terms of the Settlement Agreement. The deadline for Settlement Class Members to

serve any objection to the proposed Settlement has expired per the terms of the Notice and Settlement and no persons filed any objection to the Settlement Class Certification or to the Class Settlement.

10. **Attorney Fees.** Plaintiff's counsel has filed their motion for Attorney Fees and costs in the amount of $6.25 Million dollars. Defendant has filed its objection pursuant to the Settlement Agreement. Plaintiff's counsel has filed their reply and declarations. The court notes that the Settlement Agreement as preliminarily approved by the Court, and as set out in the Notice to class members, provided that Plaintiff's counsel would be awarded no less than $3.25 Million dollars as attorney's fees and costs reasonably expended. For the reasons stated on the record, the Court hereby approves the award to Plaintiff's counsel of attorney fees and costs in the amount of $3.25 Million dollars. As orally ordered today, to the extent that Plaintiff's counsel seeks fees and costs in excess of $3.25 Million dollars, the Court has required such counsel to supplement their Motion for Attorney Fees and costs no later than 30 days from the date of this order. Defendant's response is due no later than 14 days after the date on which such supplementation is filed. At that time, the Motion for Attorney Fees and costs (in excess of $3.25 Million dollars) will be under submission.

11. **Settlement Hearing.** A Final Settlement hearing and Fairness hearing was held on July 23, 2012 in Birmingham, Alabama in the U.S. District

Court House.  The parties appeared; no objections were heard or registered; and the Court accepted arguments of the Parties as to why the Settlement Class and Settlement should be approved.  The Court also heard arguments by the Parties regarding Plaintiff's counsel's request for attorneys' fees and costs in excess of $3.25 Million dollars.

12. **Confidentiality.**  The Court hereby enjoins disclosure to third parties of the documents and information discussed or exchanged during this litigation, including but not limited to the parties' confidential settlement negotiations and mediation, to any third party not specified in the parties' confidentiality agreements.

13. Based on the Evidence submitted at the Fairness hearing, the supporting Memorandum of law, and hearing no objections, this Court **GRANTS** the Motions to Certify the Settlement Class as defined herein and **APPROVES** the Settlement Agreement pursuant to its terms.

14. In accordance with the Settlement Agreement, this Order is a **FINAL JUDGMENT** between the parties.  Accordingly, all claims are hereby **DISMISSED WITH PREJUDICE**.  The court specifically **RETAINS JURISDICTION** to enforce the terms of the Settlement Agreement.

So **ORDERED** this 23rd day of July, 2012.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge